**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

AMIT JAIN,

        Plaintiff,

    v.

SCOTTSDALE INSURANCE COMPANY,

        Defendant.

Civil Action No. 24-1361-RGA

MEMORANDUM ORDER

Before me is Plaintiff Amit Jain's Motion for Reconsideration of the Court's February 10, 2025 Order on Motion to Remand, or, in the Alternative, Motion for Leave to Amend the Complaint. (D.I. 18). I have considered the parties' briefing. (D.I. 18, 20). For the following reasons, the Motion for Reconsideration is DENIED; the Motion for Leave to Amend the Complaint is GRANTED.

Plaintiff was the beneficiary of a directors' and officers' insurance policy ("the policy") through Defendant Scottsdale Insurance Company. (D.I. 1-1, Ex. 1 at 1). In 2022, DailyGobble filed a lawsuit in California Superior Court (the "DailyGobble Lawsuit")[1] against Plaintiff for his actions while serving as CEO of a Delaware corporation. (*Id.* at 8). Defendant agreed to provide insurance coverage under the policy for Plaintiff in the DailyGobble Lawsuit. (*Id.* at 11). On September 23, 2024, Defendant sent Plaintiff a letter informing him that, due to recent developments in the DailyGobble Lawsuit, there appeared to be very little indemnity coverage under the policy if Plaintiff continued to litigate the case. (*Id.* at 11–12). Plaintiff's counsel sent

---

[1] *DailyGobble, Inc. v. Jain, et al.*, No. 22STCV15317 (Cal. Super. Ct.).

1

Defendant a letter on September 23, 2024, arguing against Defendant's coverage opinion. (*Id.* at 12).  On October 29, 2024, Defendant filed suit against Plaintiff in the Central District of California seeking a declaratory judgment that it had no duty to defend or indemnify Plaintiff.  (*Id.* at 12–13).[2]

On November 3, 2024, Plaintiff filed the current case in Delaware Superior Court with causes of action for a declaratory judgment that Defendant is required to indemnify certain expenses related to the DailyGobble Lawsuit, anticipatory breach of contract, and breach of implied covenant of good faith and fair dealing. (*Id.* at 14–17).  On December 12, 2024, the case was removed to this court based on diversity jurisdiction.  (D.I. 1).  Plaintiff filed a motion to remand the case (D.I. 8), arguing that the underlying insurance policy agreement contained a valid forum selection clause (the "service of suit provision") that requires Defendant to submit to the jurisdiction of Plaintiff's choosing for this action.  (D.I. 9 at 6–11).  On February 10, 2025 (the "February 10 Order"), I denied Plaintiff's motion because the service of suit provision contained a condition precedent requiring an unpaid amount under the policy; Plaintiff's Complaint had not alleged any unpaid amount.  (D.I. 17 at 2).  On February 24, 2025, Plaintiff filed the current motion seeking reconsideration of the February 10 Order or, in the alternative, leave to amend his Complaint.  (D.I. 18).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *U.S. ex rel Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848 (3d Cir. 2014) (cleaned up).  Accordingly, for a judgment to be altered or amended, the party seeking reconsideration must show "at least one of the following grounds: (1) an

---

[2] *Scottsdale Insurance Co. v. Jain*, No. 2:24-cv-09352 (C.D. Cal.). The California case appears to be a "first-filed case."  From review of the docket in that case, it appears to be more advanced than the instant case.

intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* at 848–49.

Plaintiff's argument for reconsideration is essentially a repeat of his earlier arguments that I rejected. Plaintiff claims there is new evidence (D.I. 18 at 5–6), but either the evidence predates his complaint and is not new, or it postdates his complaint and is therefore not something that he alleged in his complaint. *See Howard Hess Dental Lab'ys Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251–52 (3d Cir. 2010). Plaintiff does not argue that there has been an intervening change in law, nor does Plaintiff argue there is a need to correct a law or fact. (*See* D.I. 18 at 5–6). The motion for reconsideration is DENIED since it does not meet the standard for reconsideration.

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings. Once it is twenty-one days past service of the pleading, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend under Rule 15(a)(2) lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

Plaintiff's motion for leave to amend was filed promptly after the Court's February 10 Order. The Amended Complaint includes an allegation specifying the loss amount as of the date the Amended Complaint was written and explaining that the loss will continue to grow as costs

3

continued to be incurred for defending the DailyGobble Lawsuit (D.I. 19-2 at 3–4, 11, 13). Plaintiff's Amended Complaint adds a breach of contract claim based on Defendant's refusal to pay at least $264,000. (*Id.* at 15–16). While Defendant indicated it would not pay certain costs, the anticipatory breach did not ripen into breach until Defendant did not pay the costs when due.

Defendant argues that Plaintiff's Amended Complaint is made in bad faith because it is futile. (D.I. 20 at 10). "The standard for assessing futility is the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6). In other words, the District Court determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff." *Great W. Mining & Min. Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (cleaned up). Taking the allegations plead in the Amended Complaint as true and viewing them in the light most favorable to Plaintiff, Plaintiff has asserted a contractual obligation requiring payment and a breach of the obligation to pay.[3] Plaintiff's amended complaint is not futile, nor is there any basis to believe it was made in bad faith.

Granting Plaintiff leave to amend would not prejudice Defendant. The Court approved the parties' stipulation to extend Defendant's deadline to respond to Plaintiff's Complaint until thirty days after the resolution of Plaintiff's motion to remand. (D.I. 12). Defendant has not yet filed a response. Amendment of the Complaint does not put Defendant in a different position than if Plaintiff had filed this complaint initially.

As explained above, Plaintiff's motion for leave to amend was made without undue delay, bad faith, or dilatory motive, and the Amended Complaint is not futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434. Thus, in

---

[3] A significant part of Defendant's argument is based on the "Defense Funding Agreement" (D.I. 21-1), but I do not think Plaintiff relies upon it in his Complaint. I thus do not rely upon it in deciding whether amendment is futile or in bad faith.

4

accord with the Third Circuit's liberal approach to amending pleadings, *Dole*, 921 F.2d at 487, I grant Plaintiff's motion for leave to amend.

Plaintiff's Amended Complaint now satisfies the condition precedent for the service of suit provision to apply.[4] It is true that forum selection clauses, like the service of suit provision here, "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *see also Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1214–19 (3d Cir. 1991). It is too late, however, for the Amended Complaint to make any difference in relation to Plaintiff's motion to remand according to the service of suit provision. "Ruling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).[5]

Here, the Defendant waived its right of removal if certain conditions were met. (D.I. 10-1, Ex. 1 at p. 48 of 50). Since one of the conditions was not met until after the case had been removed and the Plaintiff amended his Complaint, Defendant properly removed the case. *Steel*

---

[4] The service of suit provision provides:

> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due under this policy, the Company at the request of the Insured (or reinsured), will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all requirements necessary to give the Court jurisdiction. All matters which arise will be determined in accordance with the law and practice of the Court. In a suit instituted against any one of them under this contract, the Company agrees to abide by the final decision of the Court or of any Appellate Court in the event of an appeal.

((D.I. 10-1, Ex. 1 at p. 48 of 50).

[5] This rule originated when determining whether to remand a case because of jurisdictional issues that arose after removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 538 (1939). I believe the rule applies to forum selection clauses because it protects a defendant's right to remove a case to federal court, prevents forum shopping between the parties, and promotes judicial efficiency and fairness. *See Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 615 (3d Cir. 2003).

*Valley Auth.*, 809 F.2d at 1010. Permitting amendment of the complaint does not retroactively invalidate the removal. Nothing in the service of suit provision alters this conclusion; to the contrary, allowing Plaintiff to remand the case now would circumvent the "plain and ordinary meaning" of the negotiated provision and its condition precedent. *New Jersey v. Merrill Lynch & Co.,* 640 F.3d 545, 548 (3d Cir. 2011).

For the reasons stated above, Plaintiff's motion for reconsideration (D.I. 18) is DENIED; Plaintiff's motion for leave to amend (D.I. 18) is GRANTED; and Plaintiff's motion for leave to file a reply (D.I. 24) is GRANTED.

IT IS SO ORDERED.

Entered this 4th day of February, 2026

_/s/ Richard G. Andrews__
United States District Judge

6